**Opinion issued August 4, 2016**



In The

# Court of Appeals

For The

## First District of Texas

———————————

### NO. 01-16-00351-CR

———————————

**KELVIN BENTON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 262nd District Court**
**Harris County, Texas**
**Trial Court Case No. 1486410**

---

### MEMORANDUM OPINION

Appellant, Kelvin Benton, pleaded guilty to the third-degree felony offense of evading arrest or detention with a vehicle, which was enhanced to a second-degree felony offense because he had one prior felony conviction. *See* TEX. PENAL CODE ANN. §§ 12.42(a), 38.04(a)(2)(A) (West Supp. 2015). Pursuant to a plea bargain, the State agreed to recommend that appellant's punishment be assessed at fifteen

years' confinement. In accordance with the terms of his plea bargain with the State, the trial court found appellant guilty and assessed his punishment at fifteen years' confinement. *See id.* § 12.33(a) (West Supp. 2015). The trial court certified that this was a plea-bargain case and that appellant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2).

Nevertheless, appellant timely filed a *pro se* notice of appeal in the trial court, contending, among other things, that his trial counsel was ineffective. *See* TEX. R. APP. P. 25.2(a)(2)(A), 26.2(a)(1). Appellant also filed *pro se* letter-motions for the appointment of appellate counsel in this Court. We dismiss this appeal for want of jurisdiction and dismiss the motions as moot.

In a plea-bargain case, a defendant may only appeal those matters that were raised by written motion filed and ruled on before trial or after getting the trial court's permission to appeal. TEX. CODE CRIM. PROC. ANN. art. 44.02 (West Supp. 2015); TEX. R. APP. P. 25.2(a)(2). An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record. TEX. R. APP. P. 25.2(d); *see Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005).

Here, the trial court's certification is included in the notice of appeal and states that this is a plea-bargain case and that appellant has no right of appeal, and the trial court did not give its permission to appeal any matters. *See* TEX. R. APP. P. 25.2(a)(2), (d); *Dears*, 154 S.W.3d at 615. The clerk's record, filed in this Court,

supports the trial court's certification. *See Dears*, 154 S.W.3d at 615. Because appellant has no right of appeal, we must dismiss this appeal without further action. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

## CONCLUSION

Accordingly, we dismiss this appeal for want of jurisdiction. *See* TEX. R. APP. P. 43.2(f). We dismiss all pending motions as moot.

## PER CURIAM

Panel consists of Chief Justice Radack and Justices Higley and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).